**In re MILE HI METAL SYSTEMS, INC., Debtor.**

**Bankruptcy No. 85 B 01850 C.**

United States Bankruptcy Court, D. Colorado.

Aug. 2, 1985.

Robert M. Duitch, Colorado Springs, Colo., for debtor.

Walter C. Brauer, III, Brauer & Buescher, P.C., Denver, Colo., for Local 9.

## ORDER ON RETROACTIVE EFFECT OF ORDER GRANTING REJECTION OF COLLECTIVE BARGAINING AGREEMENT

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is whether the Bankruptcy Court's prior Order granting the debtor's motion to reject a collective bargaining agreement should have any retroactive effect. The debtor, Mile Hi Metal Systems, Inc., argues that the order of rejection should have retroactive effect back to April 12, 1985, the date the petition seeking relief under Chapter 11 was filed or at least to April 22, 1985, the date of the hearing upon the debtor's request for interim modification of the agreement. The Sheet Metal Workers International Association, Local 9, asserts that orders with retroactive application were not meant to be part of the remedies contemplated by 11 U.S.C. § 1113. Therefore, Local 9 argues that June 28, 1985 is the appropriate effective date of the Order rejecting the collective bargaining agreement.

The facts, briefly, are as follows. The debtor moved for an interim modification of its collective bargaining agreement on April 18, 1985. A hearing was held on April 22, 1985 and this Court granted the debtor the requested modification until June 7, 1985. The debtor then filed its

motion to reject the collective bargaining agreement, *in toto,* and this Court granted such motion on June 28, 1985. The issue as to whether the Order of rejection should have retroactive effect was taken under advisement.

■ On June 29, 1984, Congress passed amendments to the bankruptcy act which, among other things, created Code Section 11 U.S.C. § 1113. This section governs the rejection of collective bargaining agreements in Chapter 11 proceedings. Understandably, the case law construing this provision is rather sparse and it should be noted that the issue of retroactive application of a rejection order apparently is a matter of first impression. Consequently, the legislative history is relied upon in order to gain insight into what Congress's intent was in enacting this section.

One of the primary purposes of the new law was to emphasize the private collective bargaining process in an effort to avoid recourse to the bankruptcy court. Gibson, *The New Law on Rejection of Collective Bargaining Agreements on Chapter 11: An Analysis of 11 U.S.C. § 1113,* 58 Am. Bankr.L.J. 325, 327 (1984). Senator Kennedy stated the intent of the new section is "to overturn the Bildisco decision which had given the trustee all but unlimited discretionary power to repudiate labor contracts and to substitute a rule of law that encourages the parties to solve their mutual problems through the collective bargaining process. 130 *Cong. Rec.* S8898 (daily ed. June 29, 1984). A statement issued jointly by Rep. Hughes and Rep. Morrison sheds some light on the limits imposed on a court hearing a motion to reject,

> In deference to the overall policy of the provision which is to encourage the parties to reach their own agreement through collective bargaining, the court in framing such relief *may not go beyond the proposal made by the trustee pursuant to subsection (b)(1)(A).*

130 *Cong.Rec.* S8898 (daily ed. June 29, 1984) (emphasis added).

In other words, the debtor's proposal serves a dual purpose: it provides a basis for negotiation, and it also defines the parameters of any relief the court may subsequently grant the debtor.

■ Here, the debtor's proposal modifying the collective bargaining agreement does not contemplate a retroactive application. Rather, the first sentence indicates that the intended application is prospective since it is submitted as a "proposal for *immediate* permanent modification of the collective bargaining agreement between Mile Hi and Sheetmetals Workers Local No. 9." (emphasis added). Since "immediate" means relating to the here and now, and the proposal was not presented to the Union until May 29, 1985, it cannot be read as relating back to the petition date, April 12, 1985. Although the motion to reject the collective bargaining agreement asks that it be retroactive to the date of the hearing on the interim modification (April 22, 1985), the proposal to the Union does not. Inasmuch as the Court may not go beyond the proposal set forth by the debtor, retrospective application cannot be allowed here.

Furthermore, subsection (e) provides the debtor with a means for obtaining emergency relief. The debtor here availed itself of this remedy and yet still seeks to have the rejection Order applied retroactively. The absence of language allowing such retroactive application read in light of both the availability of emergency relief, as well as the severe time constraints set forth in subsection (d), lead this Court to conclude that retroactive relief was not contemplated under Section 1113.

ORDERED that this Court's Order granting the debtor's motion to reject the collective bargaining agreement has effect from June 28, 1985 forward.